IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CHARLES LEWIS BOBO,                    Case No. 6:14-cv-01071-AA
                                          OPINION AND ORDER
          Plaintiff,

     v.

PLYMOUTH HOUSING GROUP, and
the KING COUNTY SHERIFF'S
OFFICE,

          Defendants.

---

Charles Lewis Bobo
General Delivery
Seattle, Washington 98101
     Pro se plaintiff

Christopher R. Page
Hershner Hunter, LLP
180 East 11th Ave.
P.O. Box 1475
Eugene, Oregon 97440
     Attorney for defendant
     Plymouth Housing Group

Page 1 - OPINION AND ORDER

AIKEN, Chief Judge:

This is yet another in a long line of lawsuits instituted by pro se plaintiff Charles Bobo ("Bobo"). In the instant case, Bobo filed a complaint against defendants Plymouth Housing Group ("Plymouth") and the King County Sheriff's Office ("Sheriff"). Plymouth moves to dismiss Bobo's claims pursuant to 28 U.S.C. § 1915(e)(2), Fed. R. Civ. P. 12(b)(2), and Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, Plymouth's motion is granted and this case is dismissed.[1]

## BACKGROUND

Plymouth is a non-profit corporation that develops and operates subsidized housing in Seattle, Washington. On August 27, 2010, Plymouth and Bobo entered into a Section 8 lease agreement. On January 24, 2014, Plymouth notified Bobo that eviction proceedings would be initiated unless he became current on his rent within three days. Because Bobo never paid the outstanding rental amounts, Plymouth commenced a judicial eviction action. On February 25, 2014, the Washington Superior Court of King County held that Bobo was unlawfully detaining the premises and, accordingly, directed the Sheriff to remove Bobo from Plymouth's property.

On July 8, 2014, Bobo filed a lawsuit in this Court, alleging claims for unlawful eviction and deprivation of his constitutional

---

[1] Bobo's claims against the Sheriff fail for the same reasons as those asserted against Plymouth. Therefore, the Court exercises its sua sponte power under 28 U.S.C. § 1915(e) to dismiss the Sheriff as a defendant in this action, especially in light of the fact that the Sheriff is not a separate legal entity subject to suit. Keller v. City of Portland, 1998 WL 1060222, *3 (D.Or. Nov. 13, 1998).

rights in violation of 42 U.S.C. § 1983.[2] As relief, he seeks
$25,000,000 in unspecified damages. On July 21, 2014, this Court
granted Bobo's motion to proceed in forma pauperis ("IFP"). On
September 2, 2014, Plymouth filed the present motion to dismiss.
Bobo did not file an opposition to Plymouth's motion.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e), the court must dismiss an IFP
complaint, either sua sponte or pursuant to a motion made by the
opposing party, if it "is frivolous or malicious" or "fails to
state a claim on which relief may be granted." 28 U.S.C. §
1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir.
2000) (en banc).

Similarly, where the plaintiff "fails to state a claim upon
which relief can be granted," the court must dismiss the action.
Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the
complaint must allege "enough facts to state a claim to relief that
is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S.
544, 570 (2007). For purposes of a motion to dismiss, the complaint
is liberally construed in favor of the plaintiff and its
allegations are taken as true. Rosen v. Walters, 719 F.2d 1422,
1424 (9th Cir. 1983). Bare assertions, however, that amount to
nothing more than a "formulaic recitation of the elements" of a

---

[2] Bobo does not expressly identify 42 U.S.C. § 1983 as the
basis of his claims or articulate a cognizable legal theory
thereunder; however, to the extent Bobo did not intend to allege
a violation of his constitutional rights, this Court lacks
subject-matter jurisdiction. See 28 U.S.C. §§ 1331-1332.

claim "are conclusory and not entitled to be assumed true." Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009). Rather, to state a plausible claim for relief, the complaint "must contain sufficient allegations of underlying facts" to support its legal conclusions. Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011), cert. denied, 132 S.Ct. 2101 (2012).

## DISCUSSION

Plymouth contends that dismissal is warranted because Bobo's claims are frivolous and fail to state a claim upon which relief may be granted. In the alternative, Plymouth argues that the Court lacks personal jurisdiction since it is a Washington corporation that has no connection to this forum.

Bobo is proceeding pro se in this matter. Because pro se plaintiffs do not have the benefit of legal counsel, their pleadings are "held to less stringent standards" than those drafted by lawyers. Florer v. Congregation Pidyon Shevuyim, N.A., 639 F.3d 916, 923 n.4 (9th Cir. 2011), cert. denied, 132 S.Ct. 1000 (2012). Nevertheless, even construing Bobo's pleadings in the most favorable and liberal light, his complaint is dismissed for two reasons.

First, Bobo's claims fail at the pleadings level. Bobo's complaint is conclusory and devoid of factual support. In its entirety, Bobo's complaint consists of three paragraphs, none of which provide any context or factual content. Because the attachments to his complaint reveal only that he was a tenant of Plymouth's and failed to pay his rent in a timely manner on

Page 4 - OPINION AND ORDER

numerous occasions, they do not support his legal conclusions regarding Plymouth's wrongful conduct. Further, even assuming that Plymouth can be construed as a facet of the state for the purposes of 42 U.S.C. § 1983, Bobo failed to allege the existence of an agency policy, custom, or practice that was the moving force behind the alleged constitutional violation at issue. Mabe v. San Bernadino Cnty. Dep't of Pub. Soc. Serv., 237 F.3d 1101, 1111 (9th Cir. 2001).

Second, Bobo's complaint fails as a matter of law. Bobo sued Plymouth on at least three other occasions for the same conduct that underlies this case; in each instance, the court entered a judgment of dismissal. Hunter Decl. Exs. 1-2; see also Rein v. Providian Fin. Corp., 270 F.3d 895, 898-99 (9th Cir. 2001) (res judicata prevents re-litigation of "all issues connected with the action that were or could have been raised" where a final judgment on the merits exists) (citation omitted). Moreover, the Court is barred from entertaining Bobo's claims to the extent they constitute a collateral attack on the Washington Superior Court of King County's judgment of eviction. Bianchi v. Rylaarsdam, 334 F.3d 895, 901 (9th Cir. 2003) (Rooker-Feldman doctrine "precludes review of all state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional").

Finally, the Court notes that Bobo has filed at least forty pro se complaints in the U.S. District Courts for the District of Oregon and the Western District of Washington. Hunter Decl. Ex. 1.

Page 5 - OPINION AND ORDER

"[A] number of those cases [have already been dismissed] upon finding that [Bobo] failed to state a claim upon which relief could be granted, that the filing was frivolous, that the Court lacked jurisdiction, and/or for failure to prosecute." Id.; Bobo v. Tulare Cnty., 2014 WL 4243785, *1-2 (D.Or. Aug. 26, 2014); Bobo v. City of Fresno, 2014 WL 3784103, *1-2 (D.Or. July 31, 2014); Bobo v. Ariz. Dep't of Econ. Sec., 2014 WL 3672926, *1-2 (D.Or. July 23, 2014). The Court therefore enters a Pre-Filing Order restricting plaintiff from further litigating this issue. See DeLong v. Hennessey, 912 F.2d 1144, 1147 (9th Cir. 1990) (federal courts possess the authority "to regulate the activities of abusive litigants by imposing carefully tailored restrictions") (citation and internal quotations omitted). For these reasons, Plymouth's motion is granted.

## CONCLUSION

Plymouth's motion to dismiss (doc. 12) is GRANTED and this case is DISMISSED. All pending motions are denied as moot.

IT IS SO ORDERED.

Dated this ___ day of November 2014.

_____
Ann Aiken
United States District Judge